IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLORADO

Civil Action No. 1:15-cv-01894-JLK

UNITED STATES OF AMERICA,

      Plaintiff,

      v.

GERARDO HERRERA, individually and d/b/a
El Lobo MultiServicios Professionales, Inc.;
Lobo Multiservicios; and
Lobos Multiservicios LLC,

      Defendant.

---

**ORDER GRANTING THE UNITED STATES' MOTION FOR A DEFAULT
JUDGMENT AND PERMANENT INJUNCTION
AGAINST DEFENDANT GERARDO HERRERA**

---

Upon consideration of the United States' Motion for a Default Judgment and Permanent Injunction Against Defendant Gerardo Herrera, the Court FINDS as follows:

1. On September 1, 2015, the United States filed a Complaint for Permanent Injunction and Other Relief (the "Complaint") alleging that Mr. Herrera and his tax preparation business had repeatedly filed falsified returns that improperly reduced their customers' tax liabilities. The Complaint asked the Court to permanently enjoin Mr. Herrera from acting as a paid tax preparer.

2. Mr. Herrera did not file an Answer or otherwise respond to the Complaint. Therefore, on October 15, 2015 the Clerk of Court granted an entry of default. (Dkt. 8).

3. The United States now moves for a judgment of default. Because Mr. Herrera has not responded, the factual allegations in the Complaint and in the Declaration of IRS Revenue Agent Jean Walker accompanying the Motion are taken as true.

4. The Court has personal jurisdiction over Defendant. The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1340 and 1345, and under 26 U.S.C. § 7402.

5. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1396, because Mr. Herrera resides in this district, and a substantial part of the events constituting his tax-fraud scheme occurred in this district.

6. The United States has shown that Mr. Herrera and his business have been repeatedly preparing falsified tax returns since at least 2011. The IRS has interviewed Mr. Herrera, his employees, and numerous tax payers who used Mr. Herrera's services. The IRS also audited 200 returns prepared by Mr. Herrera and his business, and discovered that over 99% of them contained misstatements. The average deficiency of the audited returns was approximately $3,900. Though Mr. Herrera's tactics varied, most of the misrepresentations fell into two general

      categories: false claims for dependents, and fabricated or inflated claims for itemized deductions.

7. Based on these showings, the Court finds that Mr. Herrera has continuously and repeatedly engaged in conduct that interferes with the administration of the internal revenue laws. Injunctive relief under 26 U.S.C. § 7402(a) is necessary and appropriate to prevent further harm. Moreover, because Mr. Herrera has engaged in conduct that is subject to penalty under 26 U.S.C. § 6694, and that has substantially interfered with the administration of the internal revenue laws, injunctive relief under § 7407 is also appropriate.

Therefore, pursuant to 26 U.S.C. § 7402(a) and § 7407, and the Court's inherent equitable powers, the United States' Motion for a Default Judgment and Permanent Injunction (Doc. 15) against Gerardo Herrera is GRANTED.

The defendant—individually or doing business as LMS or as any other entity or under any other name—or any other person working in concert or participation with him, is hereby ENJOINED from, directly or indirectly:

    1. acting as a federal tax return preparer or requesting the preparation or filing of federal tax returns or related documents for any person or entity other than himself or his lawful spouse;

2. assisting in the preparation or filing of federal tax returns or related documents for any person or entity other than himself or his lawful spouse;

3. directing the preparation or filing of federal tax returns or related documents for any person or entity other than himself or his lawful spouse;

4. representing, or appearing on behalf of, any person or entity before the Internal Revenue Service;

5. instructing, advising, or assisting others in the violation of the tax laws, including the evasion of payment of taxes;

6. engaging in conduct subject to penalty under 26 U.S.C. § 6694, which concerns tax preparers who understate taxpayers' liability; and

7. engaging in any other conduct that interferes with the administration and enforcement of the internal revenue laws;

Defendant is also ORDERED:

1. to send by certified mail, return receipt requested, to each person for whom he or LMS prepared federal income tax returns or any other federal tax forms after January 1, 2013: a copy of the final injunction entered

     against him in this action; a cover letter in a form either agreed to by counsel for the United States or approved by the Court; and a copy of the Complaint setting forth the allegations as to how he and LMS fraudulently prepared federal income tax returns;

2. to turn over to the United States copies of all returns or claims for refunds that he or LMS prepared after January 1, 2013;

3. to turn over to the United States a list with the name, address, telephone number, email address, and social security number or other taxpayer identification number of all customers for whom he or LMS prepared returns after January 1, 2013;

4. to surrender to the Secretary of the Treasury or his delegate the PTIN he holds, or that is assigned to or used by him pursuant to 26 U.S.C. § 6109(a), and any Electronic Filing ID ("EFIN") he holds, assigns, or uses in connection with his tax business;

5. to prominently post a copy of the injunction at his place of business;

6. to file a sworn statement with the Court evidencing his compliance with the foregoing directives within forty-five (45) days of entry of the final injunction in this action; and

      7. to keep records of his compliance with the foregoing directives, which may be produced to the Court, if requested, or the United States.

The Court further ORDERS that the United States may monitor defendant's compliance with the injunction, and, if appropriate, may engage in post-judgment discovery in accordance with the Federal Rules of Civil Procedure.

The Clerk shall enter judgment in favor of the plaintiff consistent with the rulings herein. Given the nature of this action and its disposition, there shall be no shifting of costs to the government as the prevailing party.

DATE: January 7, 2016

IT IS SO ORDERED

*John L. Kane*
_____
JOHN L. KANE
SENIOR U.S. DISTRICT COURT JUDGE